No. 24-60055

## UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

GEORGE D. ARNESEN, et al.

*Appellants,*

v.

GINA RAIMONDO, et al.

*Appellees.*

Appeal from the United States District Court
for the Southern District of Mississippi, Southern Division
Nos. 23-cv-00145-TBM-RPM and 23-cv-00160-TBM-RPM

## APPELLANTS' UNOPPOSED MOTION TO EXPEDITE APPEAL

James M. Burnham
King Street Legal, P.L.L.C.
800 Connecticut Avenue
N.W., Suite 300
Washington, DC 20006
(602) 501-5469
james@kingstlegal.com

Brett A. Shumate
John Henry Thompson
Louis J. Capozzi III
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
(202) 879-5429
bshumate@jonesday.com

*Counsel for* Arnesen *Appellants*

Michael A. Poon
Damien M. Schiff
Molly E. Nixon
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
mpoon@pacificlegal.org

Charles E. Cowan
401 East Capitol Street
Heritage Building, Suite 600
Jackson, MS 39201
(601) 968-5500
cec@wisecarter.com

*Counsel for* Bell *Appellants*

# CERTIFICATE OF INTERESTED PERSONS

**No. 24-60055,** *George D. Arnesen, et al. v. Gina Raimondo, et al.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. *Arnesen* Appellants: **George D. Arnesen** and **Jeffrey Ryan Bradley**.

3. **Counsel for *Arnesen* Appellants:** Brett A. Shumate, John Henry Thompson, and Louis J. Capozzi, III of JONES DAY; James M. Burnham of King Street Legal, P.L.L.C.

4. *Bell* Appellants: **Karen Bell**, **A.P. Bell Fish Company, Inc.** (which has no parent corporation and no publicly traded corporation owning more than 10% of its stock), and **William Copeland**. Additionally, non-party **Carl Douglas Bell**, who owns shares in A.P. Bell Fish Company, Inc.

5. **Counsel for *Bell* Appellants**: Michael A. Poon, Damien M. Schiff, Molly E. Nixon of the Pacific Legal Foundation; Charles E. Cowan of Wise, Carter, Child & Caraway, PA.

6. Appellees: **Gina Raimondo**, U.S. Secretary of Commerce; **National Marine Fisheries Service**; **Janet Coit**, Director, National Marine Fisheries Service; **Samuel D. Rauch, III**, Deputy Assistant Administrator, National Marine Fisheries Service; **Gulf of Mexico Fishery Management Council**; and Council Members (and Member designees) **Thomas Frazer**, **Robert Gill**, **Greg Stunz**, **Troy Williamson**, **Susan Boggs**, **Bob Shipp**, **Billy Broussard**, **Jonathan Dugas**, **Michael McDermott**, **Dale Diaz**, **Scott Bannon**, **Kevin Anson**, **Patrick Banks**, **Chris Schieble**, **Jessica McCawley**, **Christopher Sweetman**, **Robin Riechers**, **Dakus Geeslin**, **Gen. Joe Spraggins**, **Rick Burris**, and **Andy Strelcheck**.

7. **Counsel for Appellees:** John Edward Bies, James E. Graves, III, and Shampa Panda.

/s/ *James M. Burnham*
James M. Burnham

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rules 27.5 and 34.5, Appellants George D. Arnesen and Jeffrey Ryan Bradley (*Arnesen* Appellants); and Appellants Karen Bell, A.P. Bell Fish Company, Inc., and William Copeland (*Bell* Appellants) respectfully request that the Court expedite the briefing, submission, and disposition of this appeal.[1]

Good cause exists to do so. Appellants, commercial fishermen based in the Gulf of Mexico, are regulated under the Magnuson-Stevens Fishery Conservation and Management Act. Following expedited proceedings, the District Court agreed with Appellants that the Act is unconstitutional in numerous respects. Nevertheless, the Court denied relief and entered judgment for Appellees. Accordingly, Appellants must continue to comply with burdensome catch limits produced by an unlawful regulatory regime. Expedited consideration of this appeal is consistent with the Act's guarantee of expedited review; necessary to redress

---

[1] Counsel for Appellants has conferred with counsel for Appellees regarding this motion and the proposed briefing schedule. Appellees do not object to expedited consideration of this appeal. If the Court expedites this appeal, Appellees agree to Appellants' proposed briefing schedule.

Appellants' ongoing harm; and appropriate given the District Court's conclusion that the statute governing federal fishery regulation is unconstitutional.

## BACKGROUND

Appellants are commercial fishermen active in the Gulf of Mexico's federal reef fishery. George Arnesen is a second-generation fisherman from Venice, Louisiana, with over 40 years of experience harvesting reef species including amberjack. Ryan Bradley, a fifth-generation fisherman from Ocean Springs, Mississippi, has fished for amberjack over the past 7 years and the owner-operator of a seafood business. Karen Bell is the President and a significant shareholder of A.P. Bell Fish Company, Inc., a family-owned business started by Karen's grandfather in 1923. A.P. Bell Fish Company is a commercial fishing, fish processing, and wholesale and retail fish distribution business located in Cortez, Florida; it fishes for greater amberjack and buys it as part of its wholesale business. William Copeland is a Gulf fisherman of 29 years and has fished for greater amberjack for the past 7 years.

Federal fishery policy is set through the Act's complex regulatory structure. The Act created eight Regional Fishery Management

Councils, each with jurisdiction over the federal waters offshore of certain States. *See* 16 U.S.C. § 1852(a). Congress charged these Councils with "exercis[ing] sound judgment in the stewardship of fishery resources through the preparation, monitoring, and revision of [fishery management] plans." *Id.* § 1801(b)(5). A Council's primary responsibility is to craft such management plans and "amendments" it deems "necessary." *Id.* § 1852(h)(1). Among other duties, Councils also "develop annual catch limits," *id.* § 1852(h)(6); determine whether the Secretary of Commerce can "repeal or revoke" a management plan, *id.* § 1854(h); and author regulations implementing plans and amendments as they "deem[] necessary and appropriate," *id.* § 1853(c). Some—but not all—of the Councils' duties are subject to limited review by the Secretary, who generally must promulgate lawful Council policies as binding regulations.

This case concerns the Members who fill each Council. *First*, the Act reserves seats for each "principal State official with marine fishery management responsibility and expertise." *Id.* § 1852(b)(1)(A). These state officials serve on the federal Councils "so long as" they occupy their predicate state positions. *Id. Second*, the Act provides seats for Members

3

nominated by state governors and chosen from their curated lists by the Secretary. *Id.* § 1852(b)(2)(C). Generally, these Members can be removed only by a two-thirds Council vote. *Id.* § 1852(b)(6)(B). *Finally*, each Council must feature the relevant "regional director" of the National Marine Fisheries Service (NMFS), a Senior Executive Service civil servant. *Id.* § 1852(b)(1)(B).

The Gulf of Mexico Fishery Management Council (with authority over fisheries in the Gulf seaward of Texas, Louisiana, Mississippi, Alabama, and Florida) recently developed Amendment 54, an amendment to the Gulf reef fishery management plan that slashed catch limits for amberjack by around 80%. That policy went into effect when NMFS, exercising the Secretary's delegated authority, issued the Amendment 54 Final Rule on June 15, 2023. Because the commercial fleet had already surpassed Amendment 54's catch limit by that date, NMFS announced the fishery's closure.

On June 16, 2023, *Arnesen* Appellants sued the Secretary, NMFS, the NMFS Director and Deputy Assistant Administrator, the Council, and its Members in the District Court for the Southern District of Mississippi. Appellants alleged that each Council Member serves in

violation of the Appointments Clause and is unlawfully insulated from presidential removal. Appellants also claimed that the NMFS Deputy Assistant Administrator who executed the Final Rule enjoys his own unconstitutional tenure protections. Appellants moved for a preliminary injunction or, alternatively, summary judgment. The Court held a hearing on that motion mere weeks after the suit was filed; *Arnesen* Appellants agreed that the Court could proceed expeditiously on summary judgment in lieu of entering a preliminary injunction. *See Arnesen v. Raimondo*, No. 23-cv-145, Docket No. 87 at 12 n.9 (Opinion and Order) (attached as Exhibit A).

On June 30, 2023, *Bell* Appellants challenged the same Final Rule in a suit against the Secretary, NMFS, and its Director. *See Bell v. Raimondo*, 23-cv-160 (S.D. Miss.). *Bell* Appellants moved for summary judgment, raising an Appointments Clause challenge to each Member and seeking vacatur of the Amendment 54 Final Rule on that basis. Appellees filed cross motions for summary judgment in both cases. The cases were consolidated, and the District Court considered them on an expedited basis. *See* 16 U.S.C. § 1855(f)(4), Order and Opinion at 12 & n.8.

On January 31, 2024, the District Court denied Appellants' motions and granted Appellees' cross-motions for summary judgment. *See* Opinion and Order at 55. First, though, the Court made several rulings favorable to Appellants: It held that all Appellants have Article III standing—dismissing Appellees' primary argument below. *Id.* at 13–22. It held that Council Members are "Officers of the United States" for purposes of the Appointments Clause, not employees—rejecting the only ground on which Appellees meaningfully defended the Act. *Id.* at 25–27. It held that the appointments of six of the Council's Members—the five state officials and the NMFS regional director—violate the Appointments Clause. *Id.* at 33–34. And it held that the Act's restrictions on the removal of most Members are likewise unconstitutional. *Id.* at 52–54.

Although the District Court did not identify *every* constitutional defect in the Act—and Appellants will challenge its omissions in this appeal—the violations it *did* identify require relief. Instead, the Court adopted a series of novel, legally flawed bases for denying Appellants any remedy. *See id.* at 41–44 (reasoning that Appellants could not show "proximate cause"), 44–51 (holding that a Council with multiple illegitimate Members could still lawfully develop the challenged policy),

6

54 (denying any remedy for *Arnesen* Appellants' removal claim). As a result, Appellants' harm remains ongoing—despite judicial recognition that the statutory scheme responsible for their injuries flouts the Constitution.

## ARGUMENT

This Court may expedite an appeal "for good cause on motion of either party." 5th Cir. R. 34.5; *accord* 5th Cir. R. 47.7; *see* 28 U.S.C. § 1657(a) (requiring courts to "expedite the consideration of any action … if good cause therefor is shown"). Good cause exists here, for three reasons: *First*, expedited consideration is consistent with Congress's instruction that "the appropriate court" must "expedite" challenges to federal fishery rules "in every possible way." 16 U.S.C. § 1855(f)(4). *Second,* prompt review will mitigate the ongoing irreparable harm to Appellants and other fishermen caused by the Amendment 54 Final Rule. *Finally*, swift resolution of this appeal is appropriate given the District Court's rulings that important components of the statute governing federal fisheries are unconstitutional.

1.　In the Act, Congress provided for the expedited resolution of challenges to federal fishery rules: "[T]he appropriate court shall assign"

7

a challenge to fishery regulations "for hearing at the earliest possible date and shall expedite the matter in every possible way." 16 U.S.C. § 1855(f)(4); *see, e.g.*, *Texas Shrimp Ass'n v. Daley*, No. 4:00CV20-RH, 2000 WL 35938412, at *2 (N.D. Fla. Apr. 12, 2000) ("Challenges filed pursuant to the Magnuson-Stevens Act are subject to expedited judicial review."). Congress recognized that imposing unlawful restrictions on the fishing industry inevitably causes irreparable damage, in part because litigation routinely lasts longer than a single fishing season. And it understood that all involved share an interest in swiftly confirming the enforceability of rules governing the risky enterprise of offshore fishing. *See Turtle Island Restoration Network v. U.S. Dep't of Com.*, 438 F.3d 937, 948 (9th Cir. 2006) (explaining that § 1855(f)(4) reflects "Congress's intent to ensure that … challenges are resolved swiftly"). The District Court duly expedited proceedings below. *See* Opinion and Order 12 & n.8. Appellants respectfully urge this Court to do the same.

**2.** Moreover, expedited proceedings are warranted because Appellants' irreparable harm will persist during this appeal. To begin with, Appellants remain "subject[ed] to" rules developed by unconstitutionally appointed and insulated officers—which the Supreme

8

Court has recognized as an independently cognizable "here-and-now injury." *Axon Enter., Inc. v. FTC*, 143 S. Ct. 890, 903–04 (2023); *Seila Law, LLC v. CFPB*, 140 S. Ct. 2183, 2196 (2020). Beyond that, Appellants are suffering ongoing harm from the draconian catch-limit reductions developed by the Council in Amendment 54 and promulgated by NMFS in the Final Rule. Amendment 54 set the commercial amberjack catch limits for multiple fishing years—including 2024—at about 20% of previous levels. These conditions severely restrict the profitability of fishing for amberjack. Unless and until this Court reverses the District Court's judgment, the Gulf amberjack fishery will remain moribund—and Appellants will continue to forgo earnings and business opportunities for which they cannot be compensated. Expedited appellate review is necessary to mitigate that ongoing harm to Appellants and other commercial fishermen.

    **3.** Finally, expedited consideration of this appeal is appropriate given the District Court's ruling that significant aspects of the Act are facially unconstitutional. Appellants are currently regulated by that regime, and "constitutional violations inflict irreparable harm." *Braidwood Mgmt., Inc. v. EEOC*, 70 F.4th 914, 932 n.33 (5th Cir. 2023)

(alteration omitted); *BST Holdings, LLC v. OSHA*, 17 F.4th 604, 618 (5th Cir. 2021). Expedited appeal where the appellants' constitutional rights are being persistently violated under the terms of the district court's judgment itself is amply warranted—not just for Appellants but for all Gulf fishermen.

\* \* \*

For the foregoing reasons, Appellants respectfully request that the Court expedite this appeal and order the following unopposed briefing schedule:

- Appellants' opening briefs filed no later than March 19, 2024.
- Appellees' brief filed no later than April 30, 2024.
- Appellants' reply briefs filed no later than May 28, 2024.

## CONCLUSION

Appellants respectfully request that the Court expedite this appeal.

Dated: February 12, 2024　　　　Respectfully submitted,

　　　　　　　　　　　　　　　*/s/ James M. Burnham*
　　　　　　　　　　　　　　　James M. Burnham
　　　　　　　　　　　　　　　King Street Legal, P.L.L.C.
　　　　　　　　　　　　　　　800 Connecticut Ave. NW, Suite 300
　　　　　　　　　　　　　　　Washington, DC 20006
　　　　　　　　　　　　　　　(602) 501-5469
　　　　　　　　　　　　　　　james@kingstlegal.com

Brett A. Shumate
John Henry Thompson
Louis J. Capozzi III
JONES DAY
51 Louisiana Avenue N.W.
Washington, DC 20001
(202) 879-5429
bshumate@jonesday.com

*Counsel for* Arnesen *Appellants*

/s/ *Michael A. Poon*
Michael A. Poon
Damien Schiff
Molly E. Nixon
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
(916) 419-7111
mpoon@pacificlegal.org

Charles E. Cowan
401 East Capitol Street
Heritage Building, Suite 600
Jackson, MS 39201
(601) 968-5500
cec@wisecarter.com

*Counsel for* Bell *Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys of record.

Dated: February 12, 2024 /s/ *James M. Burnham*
James M. Burnham

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 1,777 words, as determined by the word-count function of Microsoft Word.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6), and thus complies with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook Standard font.

Dated: February 12, 2024          */s/ James M. Burnham*
                                    James M. Burnham